This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARCELLUS DAVIS,**

Petitioner-Appellant,

v.                                                                    **No.  31,586**

**BECKY BARBOA,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Roderick Thompson
Santa Fe, NM

for Appellant

Becky Barboa
Albuquerque, NM

Pro Se Appellee


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

This case involves Marcellus Davis' (Father's) and Becky Barboa's (Mother's) primary physical custody and visitation rights with their two-year-old child Sha Chawn (Child) and their newborn boy and girl twins (the Newborns). On appeal, Father asks this Court to grant him sole custody of the Newborns; order more substantial treatment for Mother's drug use; use updated drug testing on hair follicles or finger nails rather than simple urine tests; and generally grant the Newborns as much protection as was granted to Child. [Informal DS 5, ¶ 10] The calendar notice proposed summary affirmance. [Ct. App. File, CN1] Father has filed a memorandum in opposition that we have duly considered. Unpersuaded, however, we affirm.

**DISCUSSION**

Father appeals from the district court's orders filed in D-101-DM-2009-00556, .D-101-DV-2011-00535, D-101-DV-2011-00511, and D-101-DV-2011-00299 (the district court's orders). [RP 133, 135, 137, 139, 150, 160] Father requests resolution of the same custody dispute for the same reasons, Mother's alleged drug use and the safety of Child and the Newborns; the orders refer to each other; and the same district court judge presided over all of them. In the calendar notice, we proposed to affirm the district court's orders on the basis that the district court did not abuse its discretion. *See Thomas v. Thomas*, 1999-NMCA-135, ¶ 10, 128 N.M. 177, 991 P.2d

7 ("We will overturn the trial court's custody decision only for abuse of discretion, and we will uphold the court's findings if supported by substantial evidence.").

In the memorandum, Father continues to argue that the district court abused its discretion in awarding primary physical custody of the Newborns to Mother. [MIO 1] Father again points out that Mother used cocaine during her pregnancies with Child and the Newborns, and he expresses concern that Mother's drug use should have resulted in Father having primary physical custody of the Newborns. [MIO 2] Father requests that the district court's orders be modified to award him primary physical custody of the Newborns or that the matter be reheard before the district court. [Id.] We remain persuaded that the district court did not abuse its discretion in the district court's orders.

The district court's orders addressed and completely disposed of the parties' custody issues at the time they were entered: Father has primary custody of Child; Mother has primary custody of the Newborns; Father is allowed to visit the Newborns while Mother visits Child; and Mother is required weekly to undergo drug counseling and testing to determine whether she is drug free in order to retain custody of the Newborns and visitation with Child. [RP 143, 148]. The September 21, 2011, order states: "If [Mother] complies with the conditions, primary custody [of the Newborns] will remain with her until further order of the Court." [RP 133] The reference to

3

Family Services in that order indicates the district court's continuing jurisdiction, and its supervision through Family Services, of the parties' ongoing problems and behaviors. In particular, should Mother fail to undergo weekly drug counseling or fail to undergo and successfully pass weekly drug testing as ordered by the district court, or should either party show a substantial change in circumstances since the entry of the district court's orders affirmed in this appeal, the district court retains jurisdiction to modify the current custody and visitation arrangements. *See Thomas*, 1999-NMCA-135, ¶ 10 ("A court may modify a custody order only upon a showing of a substantial change in circumstances since the prior order that affects the best interests of the children.").

As we discussed in the calendar notice, the district court duly considered the parties' positions at the hearings and addressed Father's concerns about Mother's alleged drug use and the safety of the children while in her care. As mentioned above, Mother is to undergo weekly drug tests and the agency administering them is required to provide weekly reports of Mother's compliance with drug counseling and testing. [RP 143] If Mother fails to show up for a test, a positive result is assumed. [Id.] The fact that Mother is to undergo weekly urine tests rather than other kinds of drug-detection tests, does not indicate that the district court abused its discretion. Urine tests may be the kind of test that the monitoring agency, Juntos Podemos, has the

current capacity to administer. [RP 143] In any case, the district court's weekly monitoring of Mother's compliance with drug counseling and testing ensures Mother's compliance with her agreement to remain clean of drugs as a condition of retaining primary physical custody of the Newborns and visitation with Child. [RP 148] Under the circumstances, we cannot say that the district court should have provided more or different treatment requirements for Mother.

Finally, the district court clearly balanced the interests of the parties in the custody and care of the three children. Thus, we cannot say that the district court abused its discretion because it did not grant primary physical custody of the Newborns to Father at that point in time. We hold that the district court addressed the parties' concerns and considered the best interests of the children under difficult circumstances where the parents continue to have ongoing problems and conflicts with one another. *See Jaramillo v. Jaramillo*, 113 N.M. 57, 61, 823 P.2d 299, 303 (1991) ("The 'best interests' criterion, of course, is the lodestar for determining a custody award, under both statute and case law in New Mexico.").

**CONCLUSION**

For all of these reasons and those discussed in the calendar notice, we affirm the district court's orders.

**IT IS SO ORDERED.**

5

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**LINDA M. VANZI, Judge**